
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10209 |
| Plaintiff-Appellant, | D.C. No. 2:15-cr-00057-RFB-1 |
| v. | |
| CARLOS INCLAN, JR., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Argued and Submitted July 11, 2018
San Francisco, California

Before:  TASHIMA, GRABER, and HURWITZ, Circuit Judges.

The United States appeals the district court's pretrial order excluding certain evidence that is intended to show Defendant Carlos Inclan, Jr.'s knowledge of the content of hard drives found in his room.  We have jurisdiction, 18 U.S.C. § 3731, and we affirm in part and reverse in part.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. The district court erred in excluding all the "dominion evidence," on the ground that the evidence had not been disclosed pursuant to an earlier pretrial order. The prior order was made in response to a defense request for a bill of particulars of allegedly pornographic images, which the disputed evidence is not.

2. The district court excluded the evidence on the additional ground that it is not relevant within the meaning of Rule 401 of the Federal Rules of Evidence. Whether we review for abuse of discretion or de novo, United States v. Fryberg, 854 F.3d 1126, 1130 (9th Cir. 2017), the district court's ruling cannot be sustained on this theory. The existence of the dominion evidence on the loose hard drives in Defendant's room tends to prove that he possessed and knew the content of those hard drives. See United States v. Federico, 658 F.2d 1337, 1342 n.5 (9th Cir. 1981) ("Relevance is established by any showing, however slight, which makes it more likely than it was before the admission of the evidence that the defendant committed the crime in question."), overruled on other grounds by United States v. De Bright, 730 F.2d 1255, 1259–60 (9th Cir. 1984) (en banc). Defendant's knowledge that he possessed child pornography is an element of the crime charged. See 18 U.S.C. § 2252A(a)(5)(B). The weight of the evidence is for a trier of fact to decide.

3. The court's final reason for excluding the evidence was that, under Rule 403, the probative value of the evidence is substantially outweighed by its tendency to prejudice Defendant unfairly. We review for abuse of discretion. United States v. Haischer, 780 F.3d 1277, 1281 (9th Cir. 2015). With respect to two photographs showing Defendant with a child, we find no abuse of discretion. But with respect to the other evidence in question, consisting of emails and images that do not include children, we conclude that the exclusion of the evidence is unjustified under Rule 403 because there is no unfair prejudice.

The government suggests that the two photographs of Defendant with a child can be cropped to avoid showing the child. But the district court has had no opportunity to view the proposed cropped images, and it should have the first opportunity to evaluate them if the government wishes to offer them.

4. Because the district court did not address Defendant's other arguments for exclusion of the dominion evidence, we decline to do so in the first instance.

**AFFIRMED in part; REVERSED in part; REMANDED.**